ALBERT HANKINS

*v.*

THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*At Ottawa, March Term, 1881.*

1.   APPEAL FROM AN APPELLATE COURT—*as to the sum or value in controversy.*   In an action on the case for the recovery of damages claimed for injury to personal property occasioned by the alleged negligence of the defendant, the damages being susceptible of direct proof, they must *exceed* the sum of $1000, in order that this court may have jurisdiction of an appeal from an Appellate Court.   It is not enough that the damages amount to $1000, but no more.

2.   If the plaintiff were proceeding for damages that are merely speculative in character, not susceptible of direct proof, and amount to $1000, as shown by the judgment, there an appeal or error would lie, whether the form of action be *ex contractu* or *ex delicto*; but where the action is in tort, and the damages are not merely speculative in their character, but, being the result of an injury to the property of the plaintiff, are susceptible of direct proof, the damages must exceed $1000, to give the jurisdiction.

APPEAL from the Appellate Court for the First District.

This was an action on the case, brought by Hankins, in the circuit court of McHenry county, against the defendant company, to recover damages, laid in the declaration at

$1500, for the killing of a mare on the defendant's road, claimed to have resulted from the negligence of the company's servants in running a train.

A trial in the circuit court resulted in a judgment for the defendant. The plaintiff appealed to the Appellate Court, where that judgment was affirmed. The plaintiff thereupon appealed to this court.

Mr. B. C. COOK, for the railroad company, now moves to dismiss this appeal, upon the ground of a want of jurisdiction, the value of the property involved not exceeding $1000, citing section 91 of the Practice act.

Mr. CLARENCE A. KNIGHT, *contra.*

MULKEY, J.: By an examination of the record we find the proofs tend to show that the value of the mare was $1000,—that is the utmost that can be claimed. It has been decided in a number of cases that in this class of cases the value of the property must exceed $1000. If the plaintiff were proceeding for damages that are speculative in character, and not susceptible of direct proof, and the damages are $1000 or more, as shown by the judgment, there an appeal or writ of error would lie to this court, whether the form of action be *ex contractu* or *ex delicto.* But where the action is in tort, as in this case, and the damages are not merely speculative, but susceptible of direct proof, they must, according to the language of the Practice act, and according to a number of decisions, exceed $1000.

The evidence in this case does not tend to show that the damages exceed $1000, therefore the motion must be allowed.

*Appeal dismissed.*